IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-40290
Summary Calendar
_____


ALLEN A. MOTEN, JR.,

Plaintiff-Appellant,

versus

WASTE MANAGEMENT OF TEXAS, INCORPORATED,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Eastern District of Texas, Beaumont
(1:97-CV-610)
_____

October 6, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

This appeal comes from the district court's entry of summary judgment against a *pro se* Title VII plaintiff. Allen A. Moten, Jr. brought an action, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., against his former employer, Waste Management of Texas, Inc. ("Waste Management of Texas"). Moten alleged that he was terminated because of his color. The district court granted Waste Management of Texas's motion for summary judgment on the basis that Moten's admissions negated his entire

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cause of action and left no fact issues to be decided.

Pursuant to the district court's local rules, this case was assigned "track three" status for discovery purposes. This case status allows (among other discovery devices) for 25 requests for admission. Subsequent to the track three status assignment, Waste Management served Moten with fifteen requests for admission. A party has thirty days in which to respond to such requests. FED. R. CIV. P. 36(a). The matter of each request is admitted if a party fails to respond within this time limit. Moten failed to respond to the requests for admission within the thirty days, or even by the time the district court issued its order granting the motion for summary judgment.

Important to his Title VII claim, the admissions included:

REQUEST FOR ADMISSION NO. 11:

> Admit that WMT [Waste Management of Texas] terminated your employment on June 13, 1996, based solely on receipt of disciplinary actions prior to termination, rudeness to customers, and unacceptable performance.

REQUEST FOR ADMISSION NO. 12:
> Admit that Defendant terminated your employment on June 13, 1996, solely for legitimate, non-discriminatory reasons.

REQUEST FOR ADMISSION NO. 15:
> Admit that WMT never discriminated against you in any manner based on your race and/or color.

The district court appropriately decided that these admissions by a Title VII plaintiff justify granting a Title VII defendant's motion for summary judgment. See, e.g., Walton v. Bisco Industries, Inc., 119 F.3d 368, 370 (5th Cir. 1997) (discussing

2

standards that a Title VII plaintiff must meet to overcome a defendant's motion for summary judgment).

Moten's only argument on appeal is that the district court erred in granting Waste Management of Texas's earlier "Motion to Correct Party Name."  By granting this motion, the district court recognized that "the proper defendant in this case is Waste Management of Texas, Inc., not Waste Management, Inc."  Moten argues, however, that he worked for Waste Management, Inc., rather than Waste Management of Texas, Inc.

We will review the district court's grant of a motion to change a party's name for abuse of discretion.[1]  Important to Moten's argument on appeal, the request for admissions (discussed above) included:

> REQUEST FOR ADMISSION NO. 1:
>     Admit that you did not work for Waste Management, Inc.,
>     but rather, you worked for Waste Management of Texas,
>     Inc.

Moten consented to this admission, along with the others, by default.  FED. R. CIV. P. 36(a).  Waste Management of Texas introduced evidence that it was the entity served by Moten in this case, and that it was the entity that owned the facility where

---

[1]The abuse of discretion standard of review is used in reviewing, for example, a district court's decision whether to grant a FED. R. CIV. P. 15(a) motion to amend pleadings. <u>Jacobsen v. Osborne</u>, 133 F.3d 315, 318 (5th Cir. 1998).  We find this standard of review appropriate in reviewing the district court's ruling on Waste Management of Texas's Motion to Change Party Name.

Moten was employed.[2]  Given the admission and the evidence, we hold that the district court did not abuse its discretion in correcting the defendant party's name.

For the foregoing reasons, the district court's order granting Waste Management of Texas, Inc.'s motion for summary judgment is

A F F I R M E D.

---

[2]Apparently, Waste Management, Inc. is a parent company of Waste Management of Texas, Inc.  In its brief, and pursuant to Fed. R. App. P. 26.1, Waste Management of Texas, Inc. has listed Waste Management, Inc. in its Corporate Disclosure Statement.